The Honorable Gene Jeffress State Representative 1483 Ouachita 47 Louann, AR 71751-8761
Dear Representative Jeffress:
You have requested an Attorney General opinion concerning the fee for attendance of an "alcohol educational school" that is required by A.C.A. § 5-65-115.
You have asked:
 Is it legal for an individual to be assessed a $75.00 fee for attendance of an alcohol educational school pursuant to A.C.A. § 5-65-115?
It is my opinion that a $75.00 fee for attendance of an "alcohol educational school" is impermissible under A.C.A. § 5-65-115.
The statute states in pertinent part:
 (a)(1) Any person whose driving privileges are suspended or revoked for violating § 5-65-103 shall, in addition to other penalties provided in this chapter, be required to complete an alcohol education program as prescribed and approved by the Highway Safety Program or an alcoholism treatment program as approved by the Bureau of Alcohol and Drug Abuse Prevention of the Department of Health.
 (2)(A) Such alcoholism education program may collect a program fee of up to fifty dollars ($50.00) per enrollee to offset program costs.
 (B)(i) A person ordered to complete an alcoholism treatment program under this section may be required to pay, in addition to the costs collected for treatment, a fee of up to twenty-five dollars ($25.00) to offset the additional costs associated with reporting requirements under this subchapter.
A.C.A. § 5-65-115(a).
This statute expressly limits the fee for attendance of an alcoholism education program to $50.00. Although the statute allows an additional fee of $25.00 to be charged persons who are ordered to complete "alcoholism treatment programs," no additional fee is authorized to be charged persons who are ordered to attend alcoholism education programs.
Because this language of the statute is unambiguous, I must interpret it just as it reads. St. Paul Fire Marine Ins. v. Griffin Const.,338 Ark. 289, 993 S.W.2d 485 (1999). I therefore conclude that it is impermissible to charge more than $50.00 for attendance of an alcoholism education program pursuant to A.C.A. § 5-65-115.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh